JUDGE SPRIZZO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 4992

------------------------------------------------------------------x

F-O-R-T-U-N-E FRANCHISE CORPORATION,        :        Civil Action No.:

                Plaintiff,        :

      - against -        :

FORTUNE FRANCHISE, INC.

               Defendant.



**COMPLAINT**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------x

      Plaintiff, F-O-R-T-U-N-E Franchise Corp., by its attorneys, Tannenbaum Helpern Syracuse

& Hirschtritt LLP, for its Complaint herein alleges:

### Parties

      1.     F-O-R-T-U-N-E Franchise Corporation ("Plaintiff" or "F-O-R-T-U-N-E") is a New

York corporation having it's principal place of business at 1140 Avenue of the Americas, New

York, New York 10036.

      2.     Upon information and belief, defendant Fortune Franchise, Inc. ("Defendant" or

"Fortune") is an Illinois Corporation with its principal place of business in Addison, Illinois and a

business address at P.O. Box 204, Addison, Illinois 60101.

      3.  Upon information and belief, Fortune has transacted business, contracted to supply

services and/or committed tortious acts in the State of New York from which this action arises.

### Jurisdiction

      4.  This action arises, *inter alia,* under the Trademark Act of July 5, 1946, as amended,

15 U.S.C. §§ 1051 *et seq.*, known as the Lanham Act.

5.  This Court has jurisdiction of this action pursuant to § 39(a) of the Lanham Act, 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367(a).  Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Nature of the Action

6.  Plaintiff owns the federally registered trademarks F-O-R-T-U-N-E PERSONNEL and FORTUNE and design, which it, its predecessors in interest, and its franchisees have been using for employment agency services and employment agency franchise sales since at least January 1, 1965.  Defendant has recently commenced use of the mark and trade name "Fortune Franchise, Inc" and the internet domain name <fortunefranchiseinc.com> to operate an Internet website advertising, and offering information and services in connection with purchasing business franchises, including employment agency franchises.  Defendant's use of the foregoing mark, trade name and domain name is likely to confuse potential franchise purchasers and others into believing that its services are provided, sponsored, or approved by, Plaintiff.

7.  Accordingly, to protect the goodwill associated with its trademarks and trade name from infringement and dilution, and to protect its trademark rights, Plaintiff has commenced this action for (a) infringement of a federally registered trademark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, (b) trademark infringement and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (c) trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), (d) cybersquatting in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), (e) use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349, (f) trademark infringement and unfair competition in violation of common law, and (g)

trademark dilution and injury to business reputation in violation of New York General Business Law § 360-*l*.

## FIRST CLAIM FOR RELIEF

### Infringement of Registered Trademark

**Plaintiffs' Business and Marks**

8.  Plaintiff sells personnel recruitment franchises that specialize in the permanent placement of professional, executive, and middle management personnel and in connection therewith uses the trademarks, among others, F-O-R-T-U-N-E PERSONNEL and FORTUNE and design for employment agency services and employment agency franchise sales.  F-O-R-T-U-N-E and its franchisees in various cities operate, *inter alia,* under the trade name "F-O-R-T-U-N-E Personnel Consultants of [city name].  At present, Plaintiff has approximately 68 franchisees throughout the country and in Canada.

9.  Plaintiff is the owner of all right, title and interest, in the federally registered trademark F-O-R-T-U-N-E PERSONNEL for employment agency services, which it uses, and licenses franchisees to use, in connection with employment agency services.  The trademark F-O-R-T-U-N-E PERSONNEL is registered with the United States Patent & Trademark Office under Registration No. 1,203,857.  A copy of the certificate of registration is annexed as Exhibit A.

10.  Plaintiff is the owner of all right, title and interest, in the federally registered trademark FORTUNE and design (together with the F-O-R-T-U-N-E PERSONNEL mark, the "F-O-R-T-U-N-E Marks") for employment agency services, which it uses, and licenses franchisees to use, in connection with employment agency services.  The trademark FORTUNE and design is registered with the United States Patent & Trademark Office under Registration No. 1,199,829.  A copy of the certificate of registration is annexed as Exhibit B.

11. Plaintiff, its predecessors and its franchisees, have used the F-O-R-T-U-N-E PERSONNEL mark in interstate commerce since at least January 1, 1965, and have used the FORTUNE and design mark in interstate commerce since at least July 24, 1981, in connection with employment agency and franchise sales services.

12. By virtue of having been in continuous use for more than five consecutive years subsequent to the dates of registration and F-O-R-T-U-N-E's predecessor's compliance with the provisions of § 15 of the Lanham Act, the F-O-R-T-U-N-E Marks have become incontestable within the meaning of said section, and F-O-R-T-U-N-E has the exclusive right to use said mark throughout the United States.

13. Plaintiff offers its employment agency services franchises, and the use of the F-O-R-T-U-N-E Marks, throughout the United States, including in the Southern District of New York, and revenues from the sale of these franchises has been significant. Further, Plaintiff and its franchisees have spent substantial time, money and effort promoting franchises and franchised services under the F-O-R-T-U-N-E Marks.

14. As a consequence of the extensive advertising and promotion of the F-O-R-T-U-N-E Marks, and of the widespread use of the "F-O-R-T-U-N-E FRANCHISE" name, and the trade name F-O-R-T-U-N-E Franchise Corp., Plaintiff has developed recognition for its franchises and has acquired and now enjoys a valuable reputation and goodwill under the F-O-R-T-U-N-E Marks and trade name.

**Defendant and Its Activities**

15. In or about December 2007, Defendant obtained the Internet domain name <fortunefranchiseinc.com> and sometime thereafter began operation of an Internet website using said domain name (the "Fortune Website"). Fortune uses the Fortune Website, the domain name

<fortunefranchiseinc.com>, the trade name "Fortune Franchise, Inc.," and the marks FORTUNE FRANCHISE and FORTUNE FRANCHISE, INC. to offer advertisements for various business franchises available for purchase, including employment agency franchises, information services concerning the advertised franchises, and, upon information and belief, services in connection with the purchase of the advertised franchises by website users. A copy of the home page of Defendant's website is annexed as Exhibit C.

16.     The franchises for which Defendant offers the above services include employment agency franchises such as Plaintiff offers, which, in some cases, compete directly with Plaintiff's franchisees in providing services, and compete directly with Plaintiff in offering franchises to purchasers.

17.     Plaintiff learned of Defendant's activities described above in or about May 2008.

18.     The Fortune Website offers the services of Defendant to website visitors, including visitors accessing the website from the State of New York, on an interactive basis. Fortune Website visitors may register to use the website by providing their personal information and selecting a user name and password through the website. They may then log in to the website, view information about franchises advertised and promoted on the website, and indicate their interest in receiving further information about purchasing such franchises to Defendant through the website. Upon information and belief, after receiving indications of interest in franchises through the Fortune Website, Defendant will then contact those indicating interest directly, including in the State of New York, using the contact information supplied through the website, and will offer to provide, and provide, services in connection with franchise purchases, including purchases of employment agency franchises.

[749090-1]

19. Upon information and belief, defendant was fully aware of Plaintiff and the F-O-R-T-U-N-E Marks when it selected the Fortune Franchise, Inc. trade name and trademark, and did so in an effort to misappropriate and trade upon the goodwill associated with the F-O-R-T-U-N-E Marks and the trade name "F-O-R-T-U-N-E Franchise Corp."

20. Defendant's use of the F-O-R-T-U-N-E Marks and the trade name "Fortune Franchise Inc." is not licensed by, and is without the consent of, Plaintiff.

21. Upon information and belief, Defendant's services in connection with franchise purchases offered or promoted under the FORTUNE FRANCHISE mark and trade name are offered and will continue to be offered through the same channels of trade, and to the same potential purchasers of franchises, as franchises and services of Plaintiff offered under the F-O-R-T-U-N-E Marks.

**Likelihood of Confusion; Injury to Plaintiff**

22. Defendant's use of the mark FORTUNE FRANCHISE, INC., the trade name "Fortune Franchise, Inc." and the domain name <fortunefranchiseinc.com> for services related to the purchase of franchises, including employment agency franchises, falsely indicates to consumers of such services and to the trade that Defendant and/or its services are in some manner connected with, sponsored by, affiliated with, or related to Plaintiff and Plaintiff's services.

23. Defendant's use of the mark FORTUNE FRANCHISE, INC., the trade name "Fortune Franchise, Inc." and the domain name <fortunefranchiseinc.com> as described above allows, and will continue to allow, Defendant to receive the benefit of goodwill built up at great labor and expense by Plaintiff and to gain acceptance and recognition for Defendant's services

[749090-1]

not based on the merits of those services, but on the reputation and goodwill of Plaintiff's services.

24.   The above-mentioned activities of Defendant are likely to cause confusion, or to cause mistake, or to deceive consumers and potential franchise purchasers wishing to obtain services from Plaintiff and/or its franchisees.

25.   On or about May 13, 2008, Plaintiff, through its counsel, contacted Defendant, made it aware of Plaintiff's exclusive rights and demanded that Defendant cease its infringing use of Plaintiff's Marks and trade name.   On or about May 29, 2008, Defendant, through its counsel, rejected plaintiff's demand and indicated that it intended to continue its infringing conduct.

26.   Upon information and belief, the acts of Defendant complained of above have been conducted in commerce and have affected, and will continue to affect, Plaintiff's business of promoting and offering employment agency services and franchises in commerce.

27.   Defendant's activities described above constitute infringement of a registered trademark and false designation of origin in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

28.   Upon information and belief, the nature of the acts of Defendant complained of above, and the state of Defendant's knowledge of Plaintiff's rights, make this an exceptional case under § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

29.   By reason of the foregoing, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Plaintiff has no adequate remedy at law.

30.   By reason of the foregoing, Plainitff has been injured in its business and is entitled to recover damages in an amount to be proved at trial, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### False Designation of Origin

31.   Plaintiff repeats and realleges the foregoing Paragraphs 1 through 30 as if fully set forth herein.

32.   The acts of Defendant complained of above constitute false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.   By reason of the foregoing, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Plaintiff has no adequate remedy at law.

34.   By reason of the foregoing, Plaintiff has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF

### Federal Trademark Dilution

35.   Plaintiff repeats and realleges the foregoing Paragraphs 1 through 34 as if fully set forth herein.

36.   The F-O-R-T-U-N-E Marks are famous and distinctive within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37.   Defendant's use of its FORTUNE FRANCHISE, INC. mark and "Fortune Franchise, Inc." trade name as described above is likely to cause dilution by blurring and/or dilution by tarnishment of the F-O-R-T-U-N-E Marks.

[749090-1]

38.   By reason of the foregoing, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Plaintiff has no adequate remedy at law.

39.   By reason of the foregoing, Plaintiff has been injured in its business and is entitled to recover damages in an amount to be proved at trial, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### Cybersquatting

40.   Plaintiff repeats and realleges the foregoing Paragraphs 1 through 39 as if fully set forth herein.

41.   Defendant has registered and used the Internet domain name <fortunefranchiseinc.com>.

42.   At the time Defendant registered said domain name, the F-O-R-T-U-N-E Marks were distinctive.

43.   At the time Defendant registered said domain name, the F-O-R-T-U-N-E Marks were famous.

44.   Defendant's domain name <fortunefranchiseinc.com> is confusingly similar to the F-O-R-T-U-N-E Marks .

45.   Defendant's domain name <fortunefranchiseinc.com> is dilutive of the F-O-R-T-U-N-E Marks.

46.   In registering and using the domain name <fortunefranchiseinc.com>, Defendant had a bad faith intent to profit from the F-O-R-T-U-N-E Marks.

47.   By reason of the foregoing, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Plaintiff has no adequate remedy at law.

48.   By reason of the foregoing, Plaintiff is entitled to an order cancelling Defendant's domain name, causing the forfeiture of said domain name or requiring the transfer of said domain name to Plaintiff.

49.   By reason of the foregoing, Plaintiff has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### Use of Deceptive Acts or Practices

50.   Plaintiff repeats and realleges the foregoing Paragraphs 1 through 49 as if fully set forth herein.

51.   The acts of Defendant complained of above constitute use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349.

52.   By reason of the foregoing, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Plaintiff has no adequate remedy at law.

53.   By reason of the foregoing, Plaintiff has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

## SIXTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

54.    Plaintiffs repeat and reallege the foregoing Paragraphs 1 through 53 as if fully set forth herein.

55.    The acts of Defendant complained of above have and will continue to unjustly enrich Defendant at Plaintiff's expense by confusing consumers and potential franchise purchasers concerning a relationship, including, but not limited to, sponsorship, approval, ownership or affiliation between Plaintiff and Defendant.

56.    The acts of Defendant complained of above constitute trademark infringement and unfair competition under the common law of the States of New York and Illinois.

57.    By reason of the foregoing, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Plaintiff has no adequate remedy at law.

58.    By reason of the foregoing, Plaintiff has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

## SEVENTH CLAIM FOR RELIEF

### State Law Trademark Dilution and Injury to Business Reputation

59.    Plaintiff repeats and realleges the foregoing Paragraphs 1 through 58 as if fully set forth herein.

60.    The F-O-R-T-U-N-E Marks are distinctive or have acquired distinctiveness.

61.    Defendant's use of its FORTUNE FRANCHISE, INC. mark and Fortune Franchise, Inc. trade name as alleged above is likely to cause dilution by blurring and/or tarnishment of the F-O-R-T-U-N-E Marks.

62. Defendant's use of its FORTUNE FRANCHISE, INC. mark and Fortune Franchise, Inc. trade name as alleged above will cause Plaintiff to lose control of the reputation of its name and marks in that consumers and potential franchise purchasers are likely to associate with Plaintiff the performance and quality of Defendant's services, any legal or regulatory difficulties encountered by Defendant, or any other detrimental events or events likely to generate negative publicity that may befall Defendant. Such events, which are outside Plaintiff's control, are likely to injure Plaintiff's business reputation.

63. The acts of Defendant complained of constitute trademark dilution and damage to business reputation in violation of New York General Business Law § 260-*l*.

64. By reason of the foregoing, Plaintiff is likely to suffer, has suffered, and unless enjoined by this Court will continue to suffer, irreparable injury in the form of dilution of its trademarks and loss of control of its business reputation, for which Plaintiff has no adequate remedy at law.

65. By reason of the foregoing, Plaintiff has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

WHEREFORE, Plaintiff demands judgment:

(a)    Enjoining Defendant, Defendant's officers, agents, employees, attorneys, subsidiaries, assigns or related companies, and those in active concert or participation with Defendant, or any of them, who receive actual notice of the judgment by personal service or otherwise, from using or employing, directly or indirectly, the service mark, trademark or trade name FORTUNE or any mark or trade name confusingly similar to either of the F-O-R-T-U-N-E Marks or the trade name "Fortune Franchise Corp.," in connection with the advertising of, or

offering or any services in connection with, the sale of franchised businesses or any employment agency services;

    (b)    Directing Defendant to file with this Court, within thirty (30) days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendant has complied with the injunction;

    (c)    Directing Defendant to account to Plaintiff for the profits of its infringement;

    (d)    Awarding Plaintiff its damages, in an amount to be proved at trial, resulting from the acts alleged herein, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable law;

    (e)    Ordering the cancellation, forfeiture or transfer to Plaintiff of the domain name <fortunefranchiseinc.com>;

    (f)    Awarding Plaintiff punitive damages in an amount to be determined; and

    (g)    Awarding Plaintiff reasonable attorneys' fees in accordance with § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

together with such other and further relief as this Court deems just and proper and the costs and disbursements of this action.

Dated: New York, New York
       May 30, 2008

                    TANNENBAUM HELPERN
                     SYRACUSE & HIRSCHTRITT, LLP

            By: _____
                  L. Donald Prutzman (LP 1327)
                 900 Third Avenue
                 New York, New York 10022
                 (212) 508-6700
                  Attorneys for Plaintiff

**EXHIBIT A**

Int. Cl.: 35

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,203,857
Registered Aug. 3, 1982

## SERVICE MARK
### Principal Register

## F-O-R-T-U-N-E PERSONNEL

F-O-R-T-U-N-E Franchise Corporation (New York corporation)
505 5th Ave.
New York, N.Y. 10017

For: EMPLOYMENT AGENCY SERVICES, in CLASS 35 (U.S. Cl. 101).

First use Jan. 1, 1965; in commerce Jan. 1, 1965.

Owner of U.S. Reg. No. 1,012,415.

The word "Personnel" is disclaimed apart from the mark as shown, without waiving any common law rights.

Ser. No. 287,934, filed Dec. 1, 1980.

C. A. SIDOTI, Primary Examiner

**EXHIBIT B**

Int. Cl.: 35

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,199,829

Registered Jun. 29, 1982

## SERVICE MARK
### Principal Register

**℧-o·r·t·u·n·e**

F-O-R-T-U-N-E    Franchise    Corp.    (New    York
    corporation)
505 5th Ave.
New York, N.Y. 10017

For: EMPLOYMENT AGENCY SERVICES, in
CLASS 35 (U.S. Cl. 101).
    First use May 1981; in commerce May 1981.
    Owner of U.S. Reg. No. 1,012,415.

Ser. No. 320,801, filed Jul. 24, 1981.

R. KOLAKOSKI, Primary Examiner

JAMES H. JOHNSON, Examiner

**EXHIBIT  C**

# Fortune Franchise, Inc

Friday, 30 May 2008

## Featured Listings

**Franchise Showcase**

MAIN MENU
- Home
- Contact Us

FRANCHISE INDUSTRIES
- Automotive
- Building, Storage & Decorating
- Child Education & Development
- Coffee
- Computer Technology
- Convenience Stores
- Direct Marketing
- Dry Cleaning
- Employment & Personnel
- Financial Services
- Fitness
- Food-Related Businesses
- Franchise Growth Systems (FGS)
- Hairstyling
- Health & Beauty
- Lodging
- Maid Service & Cleaning
- Maintenance
- Management & Training
- Master Franchise Specialists (MFS)
- Miscellaneous
- Packaging & Mailing
- Pet Care
- Printing & Copying
- Real Estate
- Repair & Restoration
- Retail Home
- Retail Sales
- Senior Care
- Signs
- Sports
- Tanning

RESOURCES
- 7 Step Process
- Franchise Advantages
- Franchise Consultants
- Franchise FAQs
- Franchise Financing
- Franchise Guide
- Franchise Help
- Four Levels of Franchising
- Future of Franchising
- History of Franchising
- Master Franchising
- Why Buy a Franchise?

 Automotive

 Child Franchise

 Coffee

 Dry Cleaning

 Employment

 Financial

Food

 Health

Lodging

 Maids/Cleaning

 Pet Care

 Building & Storage

 Repair

 Retail Home

 Retail Sales

 Senior Care

### Spot Light

Sub/Sandwich    Miscellaneous    Wings/Pizza    Printing/Copying

## Master Franchise Opportunities

Aussie Pet Mobile    Don Pan    Move It Now    System4
Figaros Pizza    Cartridge Wiz    V2K    Fabrion

### Franchise Advantages

Starting a franchise is a lot like cloning a successful business and opening it in your own territory. The only real differences include the motivation and talent of the new owner (YOU) and the opportunity presented by the location in which you decide to open the business. Some of the most important advantages of owning a franchise include: Training - Nearly all franchise companies provide you with all the training you need to become successful. After all, they have a vested interest in you being able to run the franchise profitably and really want to see you succeed! Brand Awareness - It can take years for a business to successfully build a well recognized brand that helps drive sales and provides a competitive advantage over smaller competitors.

Brand awareness can make or break a business. Consumers buy things that they are familiar with and work with companies they know and trust. Purchasing Power - Most franchise companies have the opportunity to purchase all their goods, products, and supplies at reduced rates because they buy in bulk. Right away these savings can be passed back to each franchise unit and provide a competitive advantage in the marketplace. Proven Business Plan - Running a successful business is similar to learning a math formula and following its rules and laws time and time again.

Through years of experience franchise companies know what works and will teach you their formula for success. Advertising - In addition to an established brand, most franchise companies support their franchisees with both local and national advertising and promotions to help drive sales. Support - Successful franchise companies provide ongoing support for their franchises and franchisees. This usually includes ongoing training, system upgrades, product enhancements, as well as question and answer support systems using dedicated representatives within the organization. Create a Checklist before you Consider Purchasing a Franchise Hire a lawyer and an accountant. Ask questions to understand all disclosures,















franchise agreements, and other legal documents.



Do not leave this up to your lawyer, as it is very important for you to have an intimate knowledge of this information. Verify everything a franchise sales person says by asking for it in writing. Believe it or not, some sales people tend to exaggerate the truth from time to time. Analyze your market and make sure there is a need for your product. Contact both current and previous franchisees and ask them for both the positives and negatives associated with owning a franchise. Ask the franchise company for statistics relating to success rates. Make sure you are appropriately funded. A lack of capital could turn all of your early expenditures into a complete waste. Meet the key management figures of each franchise company. This is especially important for smaller franchise companies. Do everything you can to get to know both the company's executives and their field representatives.



## Franchise Guide

## Franchise or Business Opportunity?

Business opportunities are less structured than franchises, so the definition of what constitutes a business opportunity isn't easy to pin down. In essence, a business opportunity is any package of goods or services that enables the purchaser to begin a business and in which the seller represents that it will provide a marketing or sales plan, that a market exists for the product or service, and that the venture will be profitable.



Here are other key factors:



A business opportunity doesn't generally feature the seller's trademark; buyers operate under his or her own name.
Business opportunities tend to be less expensive than franchises and generally don't charge ongoing royalty fees.
Business opportunities allow buyers to proceed with no restrictions as to geographic market and operations.
Most business opportunity ventures have no continuing supportive relationship between the seller and the buyer; after the initial package is sold, buyers are on their own.



The Pros

The greatest strength of franchising is its ability to bring independent retailers together using a single trademark and business concept. The benefits of this affiliation are many: brand awareness, uniformity in meeting customer expectations, the power of pooled advertising and the efficiencies of group purchasing.



For the individual owner, there are several advantages to franchising. The ever-present risk of business failure is reduced when the business program has already proved to be successful in the marketplace; the use of an established trademark saves the business owner the cost of creating and advertising a name that customers will recognize; and the advantages of group advertising and purchasing make operations more profitable. In addition, ongoing training creates an instant operational expertise that would otherwise need to be acquired through trial and error. Also, with franchising, expansion seems to come more naturally. Operating a successful franchise may quickly lead to building a second and then a third business, and so on. Fortunes have been built this way.



## THEbenefits

Reduction of risk
Turnkey operation
Standardized products and systems
Standardized financial and accounting systems
Collective buying power
Supervision and consulting readily available
National and local advertising programs
Point-of-sale advertising
Uniform packaging
Ongoing research and development
Financial assistance
Site selection guidance
Operations manual provided
Sales and marketing assistance



**Read more...**

POWERED BY:

**Visible**Link

**Notice:** Business opportunities, franchise opportunities, businesses and franchises on this web site are to be considered an "offering", and are not for sale. We at http://www.fortunefranchiseinc.com always recommend seeking financial consultation, advice of a lawyer or accountant before deciding to purchase a franchise or business opportunity. Submission of the form means that you agree to the terms and policies of 2008 Fortune Franchise, Inc. and the franchise and business offerings listed here. For further information please review our full Disclaimer

(C) 2008 Fortune Franchise, Inc.